IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02638-ZLW

ARTHUR J. GRIFFIN, JR.,

Applicant,

v.

DIRECTOR LOVINGER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 13 2008

GREGORY C. LANGHAM
                    CLERK

___

ORDER DENYING MOTION TO RECONSIDER

___

Applicant Arthur J. Griffin, Jr., has filed **pro se** on March 4, 2008, a "Motion to Amend and Reopen, Cases, – Dismiss as Moot" and a "Motion to Amend Case Dismiss as Moot." Mr. Griffin apparently is asking the Court to reopen the instant action. The Court's Order of Dismissal and the Judgment were filed in this action on February 8, 2008. The Court must construe the request to reopen liberally because Mr. Griffin is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the motions to amend will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Griffin's motion to reconsider, which was filed more than ten days after the Court's Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Griffin failed to cure the deficiencies. More specifically, Mr. Griffin failed to submit a certified copy of his inmate trust fund account statement in support of his motion seeking leave to proceed *in forma pauperis*. Mr. Griffin attaches to one of the motions to amend filed on March 4 a certified copy of his inmate trust fund account statement.

Mr. Griffin's belated efforts to cure the deficiencies in this action do not justify a decision to vacate the order of dismissal. Therefore, the motion to reconsider will be denied. Mr. Griffin is reminded that, because the Court dismissed the instant action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the "Motion to Amend and Reopen, Cases, – Dismiss as Moot" and the "Motion to Amend Case Dismiss as Moot" filed on March 4, 2008, which the Court has construed as a motion to reconsider, are denied.

DATED at Denver, Colorado, this 12 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-02638-BNB

Arthur J. Griffin, Jr.
Prisoner No. 0262518
Booking No. 1578195
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/13/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk